# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARAYA PUGA, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>THE GEO GROUP, INC.,<br><br>    Defendants. | Case No.: 1:19-cv-1539 - LJO JLT<br><br>ORDER GRANTING THE PARTIES' JOINT MOTION TO STAY<br><br>(Doc. 7) |

Arya Puga and The Geo Group, Inc. and Geo Corrections and Detention, LLC report that "a settlement has been reached" in this action, which "resolves this action and related class and representative actions pending in the Southern District of California and the Los Angeles County Superior Court." (Doc. 7 at 2) The parties seek a stay of the action, pending approval of the proposed settlement in one of the related cases. (*See id.*)

The Supreme Court explained the "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254-255 (1936). To evaluate whether to stay an action, the Court must the weigh competing interests that will be affected by the grant or refusal to grant a stay. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). Among these competing interests are: (1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly

1

course of justice measured in terms of simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *Id.* (citing *Landis*, 299 U.S. at 254-55)).

In general, the party seeking a stay "bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (citing *Landis*, 299 U.S. at 255). The Supreme Court explained, "If there is even a fair possibility that the stay . . . will work damage to some one else," the party seeking the stay "must make out a clear case of hardship or inequity." *Landis*, 299 U.S. at 255. The decision whether to grant or deny a stay is committed to the discretion of the Court. *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007).

Plaintiff previously alleged that the claims presented related to those filed in *Ramirez v. The GEO Group, Inc., et al., Case Number 3:18-cv-02136-LAB-MSB*, which was filed in the San Diego County Superior Court on August 9, 2018, prior to the action's removal to the Southern District of California. (*See* Doc. 1 at ¶¶ 5, 39) The parties report all claims in *Ramirez* and the instant action have settled, and request a stay of 120 days "to facilitate that court's final approval of the settlement." (Doc. 7 at 2) Significantly, it does not appear the parties would suffer any prejudice from a stay, and proceeding with this action appears to be unnecessary in light of the pending proposed settlement. In addition, approval of the settlement by the other Court would result in dismissal of the instant action, and the orderly course of justice will be promoted by a stay. Thus, the factors set forth by the Ninth Circuit weigh in favor of a stay pending approval of the class action settlement. Based upon the foregoing, the Court **ORDERS**:

1. The joint motion to stay (Doc. 7) is **GRANTED**;
2. The matter is **STAYED**; and
3. The parties **SHALL** file a stipulation to dismiss the action no later than **May 12, 2020**. In the alternative, if approval has not been completed, the parties **SHALL** file a joint written status report no later than **May 12, 2020**.

IT IS SO ORDERED.

Dated: __**January 13, 2020**__     _____**/s/ Jennifer L. Thurston**_____
UNITED STATES MAGISTRATE JUDGE